# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONELL THOLMER, | CV F   06 1403 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING TEMPORARY RESTRAINING ORDER (Doc.8.) |
| JAMES A. YATES, et. al., | |
| Defendants. | |

Lionell Tholmer ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1]

Plaintiff filed the instant action on October 12, 2006. On November 8, 2006, Plaintiff moved to Amend his Complaint and lodged an Amended Complaint with the Court.

On November 16, 2006, Plaintiff filed a Motion for Preliminary Injunction stating that he has been diagnosed with Valley Fever and is being denied medical treatment. Plaintiff seeks an Order to prevent cruel and unusual punishment in order to carry out modern slavery.

---

[1] Pending before the Court is Plaintiff's Motion to Proceed In Forma Pauperis.

1

1    "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
2    granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.
3    Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  The purpose of a
4    preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the
5    moving party that justice requires the court to intervene to secure the positions until the merits of
6    the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395
7    (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a
8    combination of probable success and the possibility of irreparable harm, or (2) that serious
9    questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air
10   Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must
11   demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if
12   the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff
13   "must demonstrate a fair chance of success of the merits, or questions serious enough to require
14   litigation." Id.

15          A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a
16   threshold and preliminary matter the court must have before it for consideration a "case" or
17   "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or
18   "controversy" before it, it has no power to hear the matter in question.  Rivera v. Freeman, 469 F.
19   2d 1159, 1162-63 (9th Cir. 1972).

20          At this juncture, Plaintiff has not stated any cognizable claims for relief in this action.
21   The Court is required to screen the complaints to ensure that it states a cognizable claim for
22   relief.  Thus, at this time, Plaintiff is not entitled to any type of preliminary injunction, as the
23   Court lacks jurisdiction to issue any such orders.

24          Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's Motion for
25   preliminary injunctive relief, filed November 16, 2006, be DENIED, without prejudice.

26          These Findings and Recommendations will be submitted to the United States District
27   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
28   **THIRTY (30) days** after being served with these Findings and Recommendations, Plaintiff may

file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     December 5, 2006**                        /s/ Lawrence J. O'Neill
b9ed48                                                  UNITED STATES MAGISTRATE JUDGE