# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONELL THOLMER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01403-LJO-GSA-PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 11)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I. Screening Requirement**

Plaintiff Lionell Tholmer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 12, 2006. On December 5, 2006, Plaintiff filed a first amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

1

plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     **Plaintiff's Claims**

   **A. Summary of the Complaint**

      **1. Medical Treatment**

Plaintiff is a state prisoner currently housed at Pelican Bay State Prison in California. The events giving rise to the complaint occurred at Pleasant Valley State Prison (PVSP) in 2006.

Plaintiff was transferred to PVSP on January 11, 2006. The complaint alleges that sometime after January 11, 2006, Plaintiff began to suffer from severe back ache and fever. Plaintiff alleges that despite filling out multiple medical request forms and giving them to Medical Techincal Assistants in the prison, he did not receive medical attention until March 6, 2006. On March 6, Plaintiff was examined in the PVSP infirmary and diagnosed with a disease commonly known as valley fever. Plaintiff alleges that despite the medication he was prescribed to treat valley fever, he continued to suffer from chills, fever, inability to keep food down, body ache, and swelling.

The complaint states that on August 27, 2006, after complaining to a prison physician about shortness of breath, chest pain, and fever, the physician ordered that x-rays be taken of Plaintiff's chest the following day. On August 28, Plaintiff advised two unnamed prison nurses that he was having breathing problems and that a physician had ordered that x-rays be taken of his chest. The two nurses disregarded Plaintiff's request. From August 28 to September 13, Plaintiff repeatedly notified prison personnel that Plaintiff was having trouble breathing, among other symptoms, and that he needed chest x-rays. On September 13, Plaintiff was hospitalized at the Coalinga Regional Medical Center (CRMC) due to high fever and irregular heart rate. X-rays performed at CRMC revealed that Plaintiff was suffering from severe pneumonia.

**2. Deprivation of Property**

The complaint states that on or about April 18, 2006, a documented enemy of Plaintiff's, named Burris, was transferred into the same building as Plaintiff. Also on or about April 18, a close associate of Burris', Michael Smith, was assigned as Plaintiff's new cell-mate.[1] In response to the transfer of Burris and Smith into Plaintiff's building, Plaintiff approached an Inmate Men's Advisory Council member to explain the situation. Shortly thereafter, Plaintiff was summoned and interviewed by Defendant Scott. Plaintiff told Defendant Scott that Burris was a documented enemy and that Plaintiff's new cell-mate was an associate of Burris'. According to the complaint, Defendant Scott called the work exchange, where Plaintiff's new cell-mate Smith was working at the time, and instructed personnel that Smith was not to be released until notified by Defendant Scott. Defendant Scott then called Plaintiff's housing unit and advised Defendant Garcia that Defendant Scott was sending Plaintiff back to his cell to pack up his property and that Plaintiff was to be re-housed in a different building. Plaintiff packed up his belongings but was not allowed to remove them from his cell due to the need for a moving cart and an escort.

Sometime during the evening on April 19, 2006, Plaintiff left his cell to obtain medical treatment.[2] The complaint alleges that while Plaintiff was being held in the infirmary holding area, certain Defendants allowed cell-mate Smith to return to Plaintiff's cell unattended. The complaint states that Smith subsequently stole various articles of Plaintiff's property, although the complaint does not state exactly what was stolen.

**3. Requests for Relief**

**(i) Monetary Damages**

The complaint names the various Defendants in both their individual and official capacities. To the extent Plaintiff seeks to sue Defendants in their official capacities for monetary relief, such claims are not cognizable. E.g. Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994). The Eleventh Amendment bars damages actions against state officials in

---

[1] The complaint refers to the Plaintiff's new cell-mate as Burris' "homeboy."

[2] The complaint is unclear as to where Plaintiff and cell-mate Smith each were during the time interval between the afternoon of April 18 and the evening of April 19.

3

their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).

**(ii) Declaratory Relief**

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary.

**(iii) Injunctive Relief**

In general, injunctive relief is "to be used sparingly, and only in a clear and plain case." See Rizzo v. Goode, 423 U.S. 362, 378 (1976) (internal quotation omitted). When a government agency is involved, the government should be granted the "widest latitude in the dispatch of its own internal affairs;" when a state agency is involved, these considerations are strengthened because of federalism concerns. Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (citing O'Shea v. Littleton, 414 U.S. 488, 499 (1974)). Under the Prison Litigation Reform Act (PLRA), the Court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right," before granting injunctive relief. Id. at 1129.

Plaintiff asks for an injunction ordering Defendants to 1) cease and desist obstructing Plaintiff's right to appeal or redress of wrongs, 2) carry out, without delay, follow up x-rays of Plaintiff's lungs and evaluate and treat Plaintiff's pneumonia, and 3) examine Plaintiff to determine

whether Plaintiff's chronic illnesses expose Plaintiff to greater danger from valley fever and if so, to remove Plaintiff from the vicinity of valley fever.  Plaintiff's requests are moot, as Plaintiff is no longer housed at PVSP and has not demonstrated a reasonable expectation of returning to PVSP. See ACLU v. Lomax, 471 F.3d 1010, 1017 (9th Cir. 2006) (request for relief is moot if there is no reasonable expectation that plaintiff will again be subject to same injury).

### B. Plaintiff's Eighth Amendment Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.[3]

### 1. Defendant John Doe (Chief Medical Officer)

The complaint names Pleasant Valley State Prison's Chief Medical Officer, John Doe, as a Defendant.  The complaint alleges that Defendant Doe's failure to order timely chest x-rays and refusal to overturn the Plaintiff's medical appeal denial constituted deliberate indifference to Plaintiff's serious medical needs.  Under minimal federal notice pleading standards, the Court finds

---

[3] Plaintiff's allegations appear to primarily address the adequacy of medical care provided to him at PVSP. To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff complains.  For example, Plaintiff does not allege that the acts or omissions of Defendants have caused an excessively high risk of contracting valley fever at PVSP.

5

Plaintiff's allegations are sufficient to allow him to proceed against Defendant Doe for violation of the Plaintiff's Eighth Amendment right to adequate medical care. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

### 2. Defendants Yates, Allison, and Mattingly

The complaint names PVSP's Warden, James Yates, Correctional Officer Allison, and Correctional Officer Mattingly as Defendants. The complaint alleges that Defendants Yates, Mattingly, and Allison had knowledge of the Plaintiff's medical condition and that Defendants' failure to overturn the denial of Plaintiff's medical appeal requesting transfer constituted deliberate indifference to Plaintiff's serious medical needs. Documents denying Plaintiff's various medical appeals, which are attached to the complaint as exhibits and incorporated by reference, contain the signatures of Defendants Yates, Allison, and Mattingly. Under minimal federal notice pleading standards, the Court finds Plaintiff's allegations are sufficient to allow him to proceed against Defendants Yates, Mattingly, and Allison for violation of the Plaintiff's Eighth Amendment right to adequate medical care. Fed. R. Civ. P. 8(a); Erickson, 127 S.Ct. at 2200; Alvarez, 518 F.3d at 1157-58.

### 3. Defendant Hudson

The complaint alleges that Defendant Hudson had knowledge of Plaintiff's condition and refused to file Plaintiff's complaint for inadequate medical treatment. The complaint also alleges that Defendant Hudson refused to overturn Plaintiff's medical appeal denial despite knowledge of Plaintiff's condition. Under minimal federal notice pleading standards, the Court finds Plaintiff's allegations are sufficient to allow him to proceed against Defendant Hudson for violation of the Plaintiff's Eighth Amendment right to adequate medical care. Fed. R. Civ. P. 8(a); Erickson, 127 S.Ct. at 2200; Alvarez, 518 F.3d at 1157-58.

### 4. Defendants Spralding and Maddox

The complaint fails to allege facts sufficient to state a claim against Defendants Maddox and Spralding for violation of Plaintiff's constitutional rights.[4] Defendant Maddox is the director of the

---

[4] Allegations against all other named Defendants pertain only to Plaintiff's Due Process claims.

California Department of Corrections and Rehabilitation. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior, and therefore, when a named defendant holds a supervisory position, the causal link between her and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). The complaint fails to allege any acts or omissions by Defendant Maddox that deprived Plaintiff of any constitutional right.

Defendant Spralding is a Correctional Officer at PVSP. Although the complaint alleges that Defendant Spralding had knowledge of Plaintiff's condition, the complaint fails to allege that any acts or omissions of Defendant Spralding led to the deprivation of Plaintiff's constitutional rights.

**C. Plaintiff's Due Process Claims**

**1. Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). To prevail on a claim, a plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415; Lewis, 518 U.S. at 351.

The complaint fails to state a claim for violation of Plaintiff's due process rights with respect to Plaintiff's access to the courts.[5] Although the complaint alleges that certain Defendants obstructed Plaintiff's access to the prison's administrative process, Plaintiff fails to allege that he suffered actual injury and thus the complaint fails to state a claim. Id.

---

[5] Plaintiff also alleges a violation of his First Amendment rights, although the complaint is not clear as to the basis for such claim. To the extent Plaintiff seeks to raise a First Amendment challenge regarding his access to the courts, the Fourteenth Amendment's Due Process Clause provides a more appropriate legal framework in which to evaluate Plaintiff's claim. See Cochran v. Kansas, 316 U.S. 255, 257 (1942) (prisoner's claim regarding prison's obstruction of appeals process and access to courts evaluated under Fourteenth Amendment standard).

7

**2. Adequacy of Pleasant Valley State Prison's Appeals Process**

The Due Process Clause of the Fourteenth Amendment protects against the deprivation of liberty without due process of law.[6] Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Defendants' actions in responding to Plaintiff's administrative appeals, standing alone, cannot give rise to any claims for relief under section 1983.

**3. Deprivation of Property**

A complaint alleging intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state provides an adequate post deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). California law provides an adequate post-deprivation remedy for property deprivations caused by prison officials. Barnett, 31 F.3d at 816; CAL. GOV'T CODE § 810-895 (2008). Where a government official's act causing loss of property is merely negligent, no procedure for compensation is constitutionally required. Daniels v. Williams, 474 U.S. 327, 333 (1986). "The actions of prison custodians in...mislaying an inmate's property...suggest no more than a failure to measure up to the conduct of a reasonable person," and do not amount to a deprivation of property within the meaning of the Fourteenth Amendment. Id. at 332.

///

---

[6]The complaint alleges violations of the Plaintiff's Fifth Amendment rights, however, "the Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

8

Plaintiff alleges that certain Defendants intentionally caused the deprivation of Plaintiff's property. However, California provides adequate post deprivation remedies and thus the complaint fails to state a claim under the Fourteenth Amendment. Barnett, 31 F.3d at 816. The complaint also asserts that certain Defendants negligently permitted the deprivation of Plaintiff's property, however, negligence is not actionable under section 1983 in the context of deprivation of property.[7] Daniels, 474 U.S. at 333.

**III. Conclusion and Order**

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Yates, Allison, Mattingly, Hudson, and John Doe (Chief Medical Officer) for violations of Plaintiff's right to adequate medical treatment.[8] The complaint does not state any other claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff four summons and four USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted

---

[7] The complaint asks the Court to exercise supplemental jurisdiction over state law tort claims, although the complaint is unclear as to the precise state law claims asserted. Non-federal claims are part of the same case as federal claims when they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Finley v. United States, 490 U.S. 545, 549 (1989) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)). Because the complaint fails to state a federal claim for deprivation of property, and because any state law property-based claims are unrelated to the only cognizable claims plead by the complaint (the Eighth Amendment claims), the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law tort claims. Supplemental jurisdiction is a doctrine of discretion, not of right. City of Chicago v. Intern. College of Surgeons, 522 U.S. 156, 172 (1997).

[8] Although the Court finds service on Defendant Doe to be appropriate, Plaintiff must identify Defendant Doe before service can be effected.

as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Yates, Allison, Mattingly, Hudson, and John Doe for deliberate indifference to Plaintiff's serious medical needs; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **January 26, 2009**              /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE