# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONELL THOLMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:06-cv-01403-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR USM-285 FORM, WITHOUT PREJUDICE<br><br>(Doc. 30.) |

　　　Plaintiff Lionell Tholmer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 12, 2006. (Doc. 1.) On December 5, 2006, Plaintiff filed a First Amended Complaint, upon which this case now proceeds. (Doc. 11.)

　　　On November 12, 2009, the Court issued an order finding service appropriate for five defendants in this action, including a John Doe defendant. (Doc. 27.) To initiate the service process, the Court mailed five USM-285 forms to Plaintiff for completion and return to the Court. Id. On December 4, 2009, Plaintiff submitted four completed USM-285 forms to the Court, one for each defendant except John Doe. (Doc. 28.) Plaintiff also requested an additional USM-285 form, explaining that one of the forms provided by the Court is now unusable, and he needs a replacement to use when he obtains the name of the John Doe defendant. (Doc. 30.) Plaintiff's request is now before the Court.

When a plaintiff is not able to name one or more defendants when he files his complaint, he must provide sufficient information to enable the court and his opponents to know who he is trying to identify.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2 (1971) (in which "the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'")

As Plaintiff knows, the John Doe defendant cannot be served until Plaintiff has identified him sufficiently for the Marshals to locate him for service.  In order to avoid the possibility of unnecessary and costly attempts to serve unnamed John Doe defendants, the Court now requires plaintiffs to amend their complaints to substitute the name or identity of the John Doe defendant, *before* providing Plaintiff with a USM-285 form to initiate service.  Therefore, Plaintiff should first identify the John Doe defendant and amend his complaint to substitute the defendant's name, or other sufficient identification, for John Doe.  After Plaintiff has amended the complaint, the Court will send him a USM-285 form for the defendant.  In light of this process, Plaintiff's request for a USM-285 form shall be denied without prejudice.

Accordingly, it is HEREBY ORDERED that Plaintiff's request for an additional USM-285 form, filed on December 4, 2009, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 9, 2009**             **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE