UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIONELL ERNEST THOLMER, | ) | 1:06-cv-01403-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IFP STATUS BE GRANTED, AND DEFENDANTS' MOTION TO DISMISS BE DENIED |
| vs. | ) | |
| JAMES A. YATES, et al., | ) | |
| | ) | (Doc. 35.) |
| Defendants. | ) | |
| | ) | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

## I. BACKGROUND

Plaintiff, Lionell Ernest Tholmer ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 12, 2006, along with a motion to proceed in forma pauperis pursuant to 28 U.S.C. 1915(g). (Docs. 1, 2.) On January 11, 2007, the court granted Plaintiff's motion to proceed in forma pauperis. (Doc. 15.) This case now proceeds on Plaintiff's amended complaint filed December 5, 2006, against defendants Yates, Allison, Mattingly, Hudson, and John Doe Chief Medical Officer, for violation of Plaintiff's rights to adequate medical care under the Eighth Amendment.[1]  (Doc. 11.)

On March 8, 2010, defendants Yates, Allison, Mattingly, and Hudson ("Defendants") filed a motion for the court to revoke Plaintiff's in forma pauperis status and dismiss this action. (Doc. 35.) Defendants' motion is now before the court.

---

[1] All other claims and defendants were dismissed from this action by the court on January 5, 2010.  (Doc. 32.)

1

**II.     MOTION TO REVOKE IN FORMA PAUPERIS STATUS**

Defendants bring a motion to revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g).

**A.     Three Strikes Provision**

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Defendants provide evidence of four actions, other than the present action, filed by Plaintiff in the courts of the Ninth Circuit. The court takes judicial notice of these four cases brought by Plaintiff in the United States District Court for the Eastern District of California, which were all dismissed as frivolous or for failure to state a claim upon which relief may be granted.

1. Tholmer v. Henderson, (E.D. Cal. Case No. 2:95-cv-01417 GEB GGH PC) (Dismissed on April 30, 1996, for failing to state a claim for which relief can be granted.)
2. Tholmer v. Smyth, (E.D. Cal. Case No. 2:95-cv-01464 WBS GGH PC) (Dismissed on August 16, 1996, for failing to state a claim for which relief can be granted.)
3. Tholmer v. Gomez, (E.D. Cal. Case No. 2:95-cv-02200 EJG GGH P) (Dismissed on November 25, 1996, as frivolous.)
4. Tholmer v. Terhune, (E.D. Cal. Case No. 2:98-cv-01915 DFL GGH P) (Dismissed on March 22, 2002, for failing to state a claim for which relief can be granted.)

In opposition, Plaintiff claims that he voluntarily withdrew case no. 95-1417, and that case no. 95-1464 was dismissed "for reasons of comity," and on this basis these two cases should not count as "strikes" against him.

A review of the court's record and Defendants' evidence shows that case no. 95-1417 was dismissed by the court upon adoption in full of the Magistrate Judge's recommendation that the case

2

be dismissed for failure to state a claim under § 1983.  (Court Record, case 2:95-cv-01417 GEB GGH PC, Docs. 6, 10; Deft's Request for Judicial Notice, Doc. 36, Exhs. B-1, B-2.)  Case no. 95-1464 was also dismissed by the court upon adoption in full of the Magistrate Judge's recommendation that the case be dismissed for failure to state a claim under § 1983.  (Court Record, case 2:95-cv-01464 WBS GGH PC, Docs. 2, 3; Deft's Request for Judicial Notice, Doc. 36, Exhs. C-1, C-2.)  There is no indication on the record, and Plaintiff has provided no evidence, that Plaintiff voluntarily dismissed case 95-1417 or that case 95-1614 was dismissed "for reasons of comity" which would preclude the cases constituting "strikes" under § 1915(g). Plaintiff's case no. 2:95-cv-02200 was similarly dismissed via the adoption in full of the Magistrate Judge's recommendation to dismiss the case as frivolous, and case no. 2:98-cv-01915 was dismissed for failure to state a claim via defendants' motion to dismiss.  (See Court Record.)  All four of these cases were dismissed before October 12, 2006, the date Plaintiff filed the present action.  Therefore, these cases count as "strikes" under § 1915(g), unless the present action falls within the "imminent danger" exception of § 1915(g).

**Imminent Danger Exception**

Defendants argue that Plaintiff does not meet the imminent danger requirement of § 1915(g), because Plaintiff's complaint does not allege imminent danger of serious physical injury, and because the court struck Plaintiff's request for injunctive relief regarding his medical treatment as moot since Plaintiff has been transferred from PVSP with no reasonable expectation of returning. (Deft's Motion at 5:24-26; Doc. 26 at 5.)  "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced *at the time the complaint was filed*, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasis added).  To meet the imminent danger requirement, the threat or prison condition must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed, Abdul-Akbar v. McKelvie, 239 F.3d 307, 313-314 (3d Cir. 2001); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir.1999).

3

Because the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, the court has reviewed Plaintiff's original complaint and finds that Plaintiff fails to allege facts demonstrating he was under imminent danger of serious physical injury at the time the complaint was filed.  The original complaint, filed October 12, 2006, alleges that defendants Yates, Mattingly, Hudson, Scott, Jobinger, Cabral, and Gomez violated Plaintiff's Constitutional rights when they allowed Plaintiff's ex-cellmate to tamper with his personal property, and when they obstructed Plaintiff's ability to file inmate appeals.  Nowhere in the original complaint does Plaintiff allege he is, or was, in danger of any physical injury.

In opposition, Plaintiff argues that he was in danger of physical harm when he filed the complaint because he had contracted the illness known as Valley Fever and was facing the possibility of relapse of serious symptoms of the disease, as alleged in his amended complaint filed December 5, 2006.  Plaintiff's argument is without merit because the court must look to his original complaint, and not the amended complaint, to determine if Plaintiff was in imminent danger at the time he filed this lawsuit.  Plaintiff's original complaint contains no allegations or claims regarding Plaintiff's illness or his medical care.

Based on this analysis, the court finds that Plaintiff's cases, Tholmer v. Henderson, (E.D. Cal. Case No. 2:95-cv-01417 GEB GGH PC), Tholmer v. Smyth, (E.D. Cal. Case No. 2:95-cv-01464 WBS GGH PC), Tholmer v. Gomez, (E.D. Cal. Case No. 2:95-cv-02200 EJG GGH P), and Tholmer v. Terhune, (E.D. Cal. Case No. 2:98-cv-01915), constitute four "strikes" under § 1915(g), and Plaintiff is not entitled to proceed in forma pauperis in this action.  As a result, Plaintiff's in forma pauperis status in this action should be revoked, and Plaintiff should be required to pay the $350.00 filing fee in full.

**III .   MOTION TO DISMISS**

Defendants move to dismiss this action based upon the revocation of Plaintiff's in forma pauperis status.  In this case, there is no basis to dismiss the action due to the revocation of Plaintiff's in forma pauperis status.  Plaintiff shall be granted time to pay the filing fee in full for this action, at

///

4

which time the case will be allowed to proceed.  Therefore, Defendant's motion to dismiss should be denied.

## IV.     CONCLUSION

In light of the foregoing, the court finds that Plaintiff has, on three or more prior occasions, while incarcerated or detained in a facility, brought an action in a court of the United States that was dismissed on the grounds that it is frivolous or fails to state a claim upon which relief may be granted, and that Plaintiff was not in imminent danger of serious physical injury at the time the complaint was filed in this action.

Accordingly,  IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be DENIED;
2. Defendants' motion for the court to revoke Plaintiff's in forma pauperis status be GRANTED;
3. Plaintiff's in forma pauperis status in this action be REVOKED;
4. The court's order of January 11, 2007, which granted Plaintiff leave to proceed in forma pauperis, be VACATED; and
5. Plaintiff be required to pay the $350.00 filing fee for this action in full within thirty days of the date of service of this order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties to this action may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 17, 2010                    /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE